IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL JEFFERY BYRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-219 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Daniel Jeffery Byrd ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

I.  **BACKGROUND**

Plaintiff protectively applied for DIB on February 8, 2012, alleging a disability onset date of October 15, 2011. Tr. ("R."), pp. 132-139, 140-141. The Social Security Administration denied Plaintiff's applications initially, R. at 63-64, and on reconsideration, R. at 65-66. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. at 83-84, and the ALJ

held a hearing on November 8, 2012, R. at 22-62. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and Dr. Bassey Duke, a Vocational Expert ("VE"). Id. On November 28, 2012, the ALJ issued an unfavorable decision. R. at 10-18.

Applying the five-step sequential process required by 20 C.F.R. § 404.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*., and 416.971 *et seq*.).

2. The claimant has the following severe impairments: obesity and dysfunction of a major joint, status post fracture of the left hip (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work[1] as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with no climbing ladders, ropes or scaffolds; occasional postural limitations; occasional climbing ramps or stairs; the need to avoid extreme cold, hazards, and heights; performing no more than simple, unskilled work (20 C.F.R. §§ 404.1565 and 416.965).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.1569, and 416.1569(a)).

---

[1] "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

R. at 10-18.

When the Appeals Council denied Plaintiff's request for review, R. at 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ failed to develop a full and fair record and (2) the hypothetical question to the VE was incomplete and did not properly include all of Plaintiff's impairments. (See doc. no. 11 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should therefore be affirmed. (See doc. no. 12 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence

3

to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. The ALJ Developed a Full and Fair Record

Plaintiff argues that the ALJ did not consider Plaintiff's educational and mental limitations because his school records were never introduced, despite the ALJ leaving the record open for ten days so that Plaintiff could introduce them. (Pl.'s Br., p. 9.) In particular, Plaintiff argues that he may meet Listing 12.05C for intellectual disability, and the ALJ should have

ordered his high school records and a consultative evaluation in order to determine Plaintiff's IQ and make an informed decision. (Id. at 8, 11.) Listing 12.05C states: "The required level of severity for this disorder is met when . . . [there is] a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Id. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.05C. Plaintiff also argues that the ALJ never fully considered his pain limitations resulting from his hip, knee, and back and whether he could engage in competitive employment on a full-time basis. (Id.)

The ALJ has a basic obligation to develop a full and fair record, and this duty exists even if claimant is represented by counsel. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). However, only in the case of an unrepresented claimant who has not waived the right to counsel does this obligation rise to the level of a special duty. See Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). Generally, the burden is on the claimant to prove that he or she is disabled. See 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a); 20 C.F.R § 416.912(a). Because developing a full and fair record is a matter of due process, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the Secretary for further development of the record." Graham v. Apfel, 129 F.3d 1420, 1423 (11th Cir. 1997). The standard for such a violation is whether "the record reveals evidentiary gaps which result in unfairness or clear prejudice." Id.

In regards to Plaintiff's claims about his hip, knee, and back pain, there were no evidentiary gaps that resulted in unfairness or clear prejudice. The ALJ ordered a consultative evaluation by Dr. W.K Kitchens which only showed mild limits as to the range of motion in the left hip and knee. (R. at 244-250.) Dr. Kitchens also found a history of a probable femoral neck

5

fracture with continued discomfort but found Plaintiff's strength intact in his lower extremities. (R. at 245.) When walking without his cane, Plaintiff only had a very slight limp of the left leg. (Id.) The ALJ also examined reports by two state medical consultants but found that his impairments were more limiting than was concluded by the state examiners. (R. at 14.) The ALJ "afforded the claimant the benefit of the doubt" in finding him more limited but nonetheless determined that there was no significant evidence in support of his allegations. (R. at 16.) Although the medical evidence in this case was not extensive, there was sufficient evidence for the ALJ to make a determination as to Plaintiff's alleged physical impairments. In contrast to Plaintiff's arguments, the ALJ's opinion showed that he adequately developed the record as to Plaintiff's physical impairments and fully considered his limitations in developing Plaintiff's RFC and in making the ultimate disability determination.

The absence in the record of Plaintiff's school records did not create an evidentiary gap that is unfair or clearly prejudicial. Plaintiff did not even raise the specter of mental impairment until the filing of his request for a hearing, and he did not present any evidence to support the allegation during the hearing. (See R. at 83, 186, 220, 227, 22-62.) Nevertheless, the ALJ generously gave Plaintiff ten days after the hearing to supplement the record with school records. (R. at 39.) Plaintiff missed this deadline and did not submit school records until after the ALJ issued its final decision and the case was on appeal. (R. at 1-2.) The ALJ was thus entirely correct in finding that "allegations of mild mental retardation are unsupported with no evidence of a medically determinable impairment." (R. at 12.) It was the responsibility of Plaintiff's counsel to obtain and submit these records, and his failure to do so at the hearing or within the time allowed by the ALJ after the hearing did not create an unfair or prejudicial gap in the

record.

Because there was no evidence to support the naked allegation of intellectual disability, Plaintiff similarly cannot complain that the ALJ acted unfairly or prejudicially by foregoing the expense and time of a psychological examination. Furthermore, even if a psychological examination had revealed IQ scores in the 60 to 70 range described in Listing 12.05C, there was substantial evidence of adaptive functioning that would have more than likely precluded Plaintiff from satisfying the requirements of Listing 12.05C. See Perkins v. Comm'r, Soc. Sec. Admin., 553 F. App'x 870, 873 (11th Cir. 2014) (finding the claimant did not satisfy Listing 12.05C despite an IQ score in the requisite range due to evidence of daily activities and past work showing significant adaptive functioning). Plaintiff held a job as a meat cutter at an IGA for over ten years and was dismissed from that job for reasons other than the alleged impairments. (R. at 30-34.) Plaintiff testified that he cooks simple meals and performs chores around the house. (R. at 36, 41.) He also reads, works on crossword puzzles, and drives an automobile after having passed his driver's license test. (R. at 43, 47.) Plaintiff's work history alone shows that any intellectual deficits do not preclude him from performing unskilled work. (R. at 16.) Consequently, the ALJ's decision to not order a psychological evaluation is supported by substantial evidence. See Coney v. Astrue, CV 507-059, 2008 WL 3925310, at *4 (S.D. Ga. Aug. 26, 2008).

In sum, the ALJ developed a full and fair record, and his opinion is supported by substantial evidence. The ALJ had adequate evidence to support his determination as to Plaintiff's alleged physical and mental impairments and was not required to order a psychological examination. Nor can the ALJ be blamed for the failure of Plaintiff's counsel to

7

submit Plaintiff's school records at the hearing or within the post-hearing time frame specified by the ALJ.

### B. The Hypothetical to the VE Comprehensively Described Plaintiff's Limitations

Plaintiff argues the hypothetical to the VE was incomplete and did not include all of Plaintiff's impairments. (Pl.'s Br., p. 14.) Specifically, Plaintiff argues that the VE hypotheticals did not include any pain, cognitive, or mental health limitations. (Id. at 14.)

The underlying assumptions of the hypothetical questions posed to the VE must accurately and comprehensively reflect the claimant's characteristics, and a reviewing court must determine whether they are supported by substantial evidence. McSwain v. Bowen, 814 F.2d 617, 619-20 (11th Cir. 1987); Pendley v. Heckler, 767 F.2d 1561, 1562-63 (11th Cir. 1985); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999) ("In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."). However, a hypothetical question need not incorporate alleged impairments that the ALJ has properly discredited or found to be unsupported by the medical evidence. Crawford v. Comm'r of Social Sec., 363 F.3d 1155, 1161 (11th Cir. 2004) ("the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

Here, the ALJ found that Plaintiff was limited to light work with no climbing ladders, ropes or scaffolds, occasional postural limitations, occasional climbing ramps or stairs, the need to avoid extreme cold, hazards, and heights, and performing no more than simple, unskilled work. (R. at 13.) The ALJ posed to the VE in his first hypothetical a claimant that is "limited to light exertional work, involving only occasional climbing ramps or stairs, occasional balancing, stooping, kneeling, crouching, crawling, no climbing ladders, ropes or scaffolds, should avoid exposure to extreme cold,

8

should avoid hazards and unprotected, heights, limited to SVP: 1 and 2 work.[2]" (R. at 59.) This hypothetical directly corresponded to the limitations found by the ALJ. Contrary to Plaintiff's assertions, the hypothetical did include some of Plaintiff's pain limitations as the ALJ's RFC assessment was consistent with some of Plaintiff's testimony. However, the ALJ explicitly discredited Plaintiff's testimony as to his subjective complaints to the extent that it did not correspond with the RFC assessment. (R. at 15.) As a result, these discredited pain limitations were not required to be incorporated into the hypothetical to the VE. See Crawford, 363 F.3d at 1161.

Plaintiff's mental limitations were also not required to be included in the hypothetical to VE. The ALJ specifically found that allegations of mild intellectual disability were unsupported with no evidence of a medically determinable impairment. (R. at 12.) The ALJ noted Plaintiff's limited education and specifically limited his RFC to unskilled work. (R. at 13, 14.) This accurately reflected Plaintiff's testimony and the evidence of record. There was no medical evidence of any further mental impairments or intellectual disabilities. As a result, the ALJ was not required to include that medically unsupported impairment in his hypothetical. See Crawford, 363 F.3d at 1161.

---

[2] Specific Vocational Preparation ("SVP") 1 and 2 corresponds with the definition of unskilled work. See SSR 00-4P.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 4th day of December, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA